### MAIATICO v. MORTGAGE SEC. CORPORATION OF AMERICA et al.

Court of Appeals of District of Columbia. Submitted March 5, 1929. Decided April 1, 1929.

No. 4844.

Alfred Cerceo and James J. O'Leary, both of Washington, D. C., for appellant.

Louis Ottenberg and Jacob Halper, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. ▮ This is an appeal from a final order of the lower court dismissing the bill of complaint filed by appellant as plaintiff, upon the ground that it fails to state facts sufficient to entitle plaintiff to any equitable relief against the defendant.

The bill of complaint alleges, in substance and effect, that in December, 1926, one Harry A. Bramow was the owner of a certain tract of land situate in the District of Columbia, and desired to erect a building thereon; that he entered into an agreement with the Mortgage Bond & Guaranty Corporation whereby the corporation should loan him the sum of $110,000, to become due five years after date with interest at 6½ per cent. per annum payable semiannually, and that the amount of the loan should be advanced to Bramow as the building progressed toward completion; that Bramow executed and delivered to defendants Harry A. Kite and Frank J. Hughes, as trustees, a deed of trust upon the premises to secure the payment of the loan according to its terms; that Bramow executed to the corporation a bond conditioned to secure the erection of the proposed building according to the plans and specifications, and that the plaintiff became a guarantor upon the bond; that Bramow commenced the erection of the proposed building, and the corporation accordingly advanced to him the sum of $5,500 as part of the loan; that Bramow thereupon abandoned the work and informed plaintiff of the fact, at the same time

advising him as surety upon the bond to complete the proposed building so as to avoid loss because of Bramow's failure to do so; that thereupon Bramow executed a deed of conveyance for the property to plaintiff, subject to the aforesaid mortgage, and plaintiff entered upon and finished the building; that the corporation thereafter made the following payments to plaintiff as he progressed with the work, to wit: 1927, January 20, $10,010; February 1, $10,340; February 9, $10,340; March 1, $11,510; March 16, $10,340; April 4, $10,340; April 19, $10,340; June 6, $20,000. And that the total payments, including that to Bramow, were in the sum of $98,720. The plaintiff alleges that this sum, to wit, $98,720, is all that the corporation has ever advanced or paid as a consideration for the notes theretofore delivered to it and secured by the deed of trust. The plaintiff alleges that the corporation wrongfully claims that the full sum of $110,000 is due to it and is secured by the deed of trust, and that the defendant-trustees have advertised the property for sale because of plaintiff's refusal to pay interest upon the sum thus wrongfully demanded by the corporation. Plaintiff prays for an injunction and for general equitable relief.

We are of the opinion that the foregoing allegations, which are admitted to be true for the purposes of the motion to dismiss the bill, are sufficient to entitle the plaintiff to equitable relief against the defendant. It is true that this cannot be said if the plaintiff be regarded only as the grantee of the premises under Bramow's deed whereby plaintiff assumed to pay the mortgage indebtedness, nor if plaintiff be regarded only as the guarantor of the bond given by Bramow to the corporation for the completion of the building according to the plans and specifications. But equity regards the substance and intent rather than the form of a transaction, and the bill of complaint filed below is sufficient to show that the plaintiff should not be regarded in equity as merely the grantee or guarantor of Bramow. According to the averments of the bill, the transaction between the parties may be regarded in equity as a substitution of plaintiff for Bramow, not only as to the erection of the building according to the contract and the receipt of the money from the corporation in completion of the loan, but also as the debtor for the payment of the loan and the discharge of the deed of trust. For at the date of Bramow's conveyance to plaintiff only a relatively small part of the loan had in fact been paid over by the corporation; in greater part the loan was still incomplete, notwithstanding the prior delivery of the notes and deed of trust to the corporation. At that point the plaintiff took Bramow's place in the transaction both as to the building and the loan. We are of the opinion, accordingly, that plaintiff is entitled to make the issues raised by his bill of complaint, and that the court erred in entering the order dismissing the bill.

The order of dismissal is therefore reversed at the costs of appellees, and the cause is remanded for further proceedings not inconsistent herewith.