## DI BATTISTA v. MORTGAGE SECURITY CORPORATION OF AMERICA et al.

### No. 5375.

Court of Appeals of District of Columbia.
Argued March 10, 1932.
Decided April 4, 1932.

John W. Fihelly, Francis G. Matson, D. Joyce Beall, Frank S. Goodyear, Bernard M. Chernoff, Alfred Cerceo, and A. B. Landa, all of Washington, D. C., for appellant.

Louis Ottenberg, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District dismissing appellant's bill.

In December, 1926, Harry A. Bramow was the owner of land in the District of Columbia upon which he desired to erect a building. He entered into an agreement with the Mortgage Bond & Guaranty Corporation under which the company was to loan him the sum of $110,000, payable five years after date, with interest at 6½ per cent. per annum, payable semiannually. The amount of the loan was to be advanced to Bramow as the building progressed. He executed and delivered to appellees Kite and Hughes, as trustees, a deed of trust upon the premises to secure the payment of the loan. He also executed a bond to secure the erection of the building, and Jerry Maiatico became a guarantor thereon. Bramow defaulted soon after the commencement of the work, and Maiatico assumed the completion of the work. Bramow executed a deed of the property to Maiatico, subject to the incumbrance, and Maiatico finished the building. At its completion there had been advanced to Bramow and to Maiatico the total sum of $98,720, instead of the $110,000. Thereafter Maiatico filed a bill in the court below against the Mortgage Security Corporation, as successor to the Mortgage Bond & Guaranty Corporation, and the trustees Kite and Hughes, setting forth the foregoing facts and alleging that the corporation wrongfully claimed that the full sum of $110,000 was due and secured by a deed of trust, and had advertised the property for sale because of Maiatico's refusal to pay interest upon the sum thus wrongfully demanded. The prayers of the bill were for an injunction and general relief. The bill was dismissed below on motion to strike. On appeal to this court the decree was reversed and the cause remanded. Maiatico v. Mortgage Sec. Corp. of America, 59 App. D. C. 21, 32 F. (2d) 412.

Thereafter the trustees under the deed of trust advertised the property for sale, and on July 10, 1930, it was sold at public auction to appellant, Di Battista, for $99,900. Appellant made the required deposit of $5,000. Title was to be good of record or deposit refunded. The terms of the sale were one-third cash, and the balance in two equal installments, payable in one and two years, with interest at 6½ per cent. per annum, payable semiannually. Thereafter appellant notified the trustees that the title they proposed to give him was not clear, owing to the pendency of the Maiatico suit. Thereupon the trustees notified Di Battista that they would resell the property. Di Battista then filed his bill herein, setting forth the facts already detailed and making the bill in the Maiatico Case an exhibit.

He alleged that at the time he made the deposit he was able, ready, and willing to pay the balance on the property, and that he "is now prepared to close said purchase as soon as the said trustees shall clear the title of the pending equity proceeding." The prayers of the bill are for an order restraining the trustees from proceeding with the resale of the property; for specific performance of the contract; and, in the event the court finds the trustees cannot convey a good title, that they be required to refund the $5,000 deposit; and for an award of

damages. The case was disposed of on motion to dismiss.

■ In our view the bill states a good cause of action. It is alleged and admitted that the Maiatico suit was still pending when the auction sale of the property was had. We ruled in the Maiatico Case, 59 App. D. C. 21, 32 F.(2d) 412, 413, that the allegations in that bill were "sufficient to entitle the plaintiff to equitable relief against the defendant." Should the averments of the Maiatico bill be sustained by proof, it might result that Maiatico was not in arrears, and, hence, that there was no basis for the sale of the property. During the pendency of that suit appellees will be unable to give appellant the kind of title they agreed to give; certainly a title that may be involved in litigation is not that kind of title. Evidently the title company entertained the same view as to the effect of the Maiatico suit, as otherwise appellees probably would have filed an answer instead of moving to dismiss.

■ Counsel for appellees contend that appellant should have made a formal tender of performance. Appellant has alleged, and it is admitted, that he made the required deposit of $5,000, and that at the time of the sale he was ready, able, and willing to pay the balance due and is now prepared to close the purchase as soon as the trustees shall clear the title. All this being admitted, formal tender would amount to nothing more than an idle ceremony.

The decree is reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinon.

Reversed.