## MAIATICO v. MORTGAGE SECURITY CORPORATION OF AMERICA et al.

### No. 5541.

Court of Appeals of the District of Columbia.
Argued June 2, 1932.
Decided July 11, 1932.

George P. Lemm, of Washington, D. C., for appellant.

Louis Ottenberg and H. Winship Wheatley, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and HITZ and GRONER, Associate Justices.

MARTIN, Chief Justice.

Appeal from a decree of the Supreme Court of the District dismissing appellant's bill for an injunction, and assessing damages against him.

In December, 1926, one Bramow was the owner of certain land in the District and designed to erect a large apartment house upon it. He entered into an agreement with the Mortgage Bond & Guaranty Corporation whereby it should loan him the sum of $110,000 to be advanced to him as the building progressed. The loan was to bear interest at 6½ per cent. per annum payable semiannually, and was to mature in five years from date. Bramow executed to Kite and Hughes, as trustees, a deed of trust upon the property to secure the payment of the loan. He execut-ed a bond to the corporation guaranteeing the erection of the building according to contract. The appellant, Maiatico, became a surety upon this bond.

Bramow commenced the construction of the building, but soon abandoned it. He then informed Maiatico of the fact, and advised him to complete the building in order to avoid loss as surety upon the completion bond. Maiatico agreed to this, and Bramow conveyed the property to him subject to the mortgage, which Maiatico agreed to pay. The corporation had paid Bramow $5,500 of the mortgage loan before he abandoned the work; all other installments paid by the corporation were paid to Maiatico, who completed the building.

In July, 1928, Maiatico filed his bill of complaint in the present case, setting out the foregoing facts, and alleging that the corporation had paid only the sum of $98,720 to Bramow and himself as consideration of the mortgage loan, but that it was seeking to enforce the mortgage for the full sum of $110,000, and was about to cause a sale of the premises in order to enforce the payment of the loan in that amount. He prayed, among other things, for a discovery and a determination of the amount actually advanced upon the mortgage and for an injunction pendente lite to prevent a sale of the property. The lower court dismissed this bill upon motion to strike filed by the corporation, but its decree was reversed by this court, and the cause was remanded. Maiatico v. Mortgage Security Corporation, 59 App. D. C. 21, 32 F. (2d) 412. The corporation then filed its answer below, alleging that it had fully paid the amount of the loan to the borrowers as follows, to wit, $102,720 in cash, $6,600 as an agreed commission upon the loan, and the balance for fire insurance premiums, etc., the total being $110,000, which was the amount secured by the mortgage. The corporation alleged default by Maiatico in failing to pay taxes and interest when due, and prayed that the injunction pendente lite be dissolved, and for damages.

It appears that no hearing was had upon this issue until in May, 1930. In the meantime Maiatico remained in possession of the property, owing to the continuance of the injunction pendente lite under successive bonds. He collected the rents accruing from the building, but neither paid nor tendered any interest upon the loan, and failed to pay the taxes.

On May 27, 1930, the court ordered that the injunction pendente lite be dissolved un-

less Maiatico should on or before June 27, 1930, pay to the corporation the sum of $91,-570, to be credited upon the mortgage notes, and give an additional undertaking in the sum of $30,000, conditioned according to law. No exception was taken to this order, nor any appeal entered, nor did Maiatico pay any sum to the corporation to be applied upon the mortgage debt, nor did he furnish an undertaking in any sum as required by the order. The injunction pendente lite was therefore dissolved as of that date. Subsequently, to wit, on July 10, 1930, the trustees offered the property for sale under the trust deed, but the sale was not consummated. Di Battista v. Mortgage Security Corporation of America, 61 App. D. C. 120, 58 F.(2d) 525, decided by this court April 4, 1932. On October 17, 1930, the trustees sold the property at trustee sale for the sum of $95,000.

Afterwards, to wit, on June 26, 1931, the issues made by the bill of complaint and the answer thereto were tried on the evidence, and the court found that the plaintiff had failed to sustain his bill of complaint, that the temporary restraining order and injunction pendente lite had been wrongfully sued out by him, and that the defendant should recover damages in the sum of $17,490.27 with interest, together with the sum of $2,000 as an attorney fee under section 479b, D. C. Code (Title 3, § 4, D. C. Code 1929). Judgment was accordingly entered against appellant and the sureties upon the several injunction bonds. The court also decreed that $6,600 in amount of the mortgage notes given by Bramow to the corporation should be canceled. From this decree the present appeal was taken.

We think the decree of the lower court should be affirmed as hereinafter modified.

It is plain that the corporation intended to include $6,600 as usury in the mortgage loan to Bramow, and this is corrected by the provision in the decree deducting that amount from the mortgage indebtedness.

It appears, however, that Maiatico was not entitled to the several injunctions pendente lite entered and continued under successive bonds, inasmuch as he was at the time in default under the terms of the trust deed, because of his failure to pay the taxes lawfully assessed upon the property. The trustees were authorized by the trust deed to make sale of the property upon the happening of such a default. Therefore the judgments for damages entered against the plaintiff and his sureties were justified. However, the addition of the sum of $2,000 in the judgments for attorneys' fees under section 479b, D. C. Code, is not authorized in the circumstances of this case. The grounds for this conclusion are fully stated by Mr. Justice Groner, speaking for this court, in the opinion in Otto M. Stanfield and United States Fidelity & Guaranty Co. v. Otto H. F. Vollbehr, 61 App. D. C. 239, 60 F.(2d) 670, handed down on May 16, 1932. The decree of the lower court is modified by deducting therefrom the sum of $2,000.

As thus modified, the decree is affirmed, at the cost of appellant.

Modified and affirmed.